Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7463 | **DATE** | 3/28/2002 |
| **CASE TITLE** | 00 C 7933 | Cogniplex, Inc. vs. Hubbard Ross (00 C 7463) Arns et al -v- Hubbard et al (00 C 7933) | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motions (Doc 41-1 in 00 C 7463 and Doc 0-1 in 00 C 7933) to dismiss certain counts is granted in part and denied in part. We dismiss JK Value and Educon as parties but deny the motions to dismiss Counts VIII and XII.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 29 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 27 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 02 MAR 28 PM 4:52 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |


| | | |
|---|---|---|
| COGNIPLEX, INC. DOUGLAS HUBBARD and DHS & ASSOCIATES, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 00 C 7463 |
| HUBBARD ROSS, L.L.C, JACK ROSS and KATHLEEN FILBIN ARNS, | ) ) ) ) | |
| Defendants. | ) ) | |
| KATHLEEN FILBIN ARNS, JACK ROSS and HUBBARD ROSS LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 00 C 7933 |
| DOUGLAS HUBBARD, COGNIPLEX, INC., an Illinois corporation, and HUBBARD DECISION RESEARCH, INC., an assumed Illinois business corporation name of COGNIPLEX, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Hubbard Ross, LLC to dismiss certain counts of the complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The case we consider today and its companion have a somewhat tortuous history. Our prior opinion, entered April 27, 2001, detailed factual backgrounds for both. To avoid redundancy, we reiterate only the portions of the background specifically relevant to the instant motion.

Plaintiff Douglas Hubbard ("Hubbard") develops software. His creations include a method called the Applied Information Economics ("AIE") methodology produced during his tenure with Plaintiff DHS & Associates ("DHS"). In 1999, after he developed the AIE methodology, he formed Defendant Hubbard Ross LLC with Defendants Kathleen Arns ("Arns") and Jack Ross ("Ross"), collectively referred to herein as "the LLC," to provide economic consulting services that would rely on the use of the AIE methodology. Before the formation of the LLC, the three founders signed a document (the "Buyout Agreement") that set forth certain obligations of the parties. Under the terms of the Buyout Agreement, Ross and Arns agreed to "purchase all claims Doug Hubbard makes...regarding the intellectual property and prospective revenue from the Applied Information Economics methodology and related consulting services."

The business venture did not fare well, and by August 2000, Hubbard had dissociated himself from the LLC. Arns, Ross, and the LLC continue to use the AIE methodology, despite Hubbard's disavowal of any ownership interest in the materials.

Hubbard contends that the materials were "works for hire," owned by DHS and now licensed to Plaintiff Cogniplex. In response to the continued use of the methodology, Hubbard filed suit in state court, mainly seeking declaratory judgment establishing the true owner of the disputed materials. The case was removed to our court, and in April 2001 we dismissed portions of Hubbard's complaint that alleged commercial disparagement. Hubbard amended his complaint, and the LLC now moves to dismiss two counts and two parties from it pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). Thus, defendants must achieve a high standard to have the court dismiss a plaintiff's case for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99 (1957). Nonetheless, to withstand a
- 3 -

motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

## DISCUSSION

The LLC looks to dismiss two counts of the complaint as well as two named parties, JK Value and Educon Resources. The first count, Count VIII, seeks dissolution of the LLC under the Illinois Limited Liability Company Act ("LLC Act"). 805 ILCS 180/35-1 to 35-70. The second, Count XII, prays for a declaration that the Buyout Agreement is invalid and unenforceable. We address each of their arguments in turn.

**JK Value and Educon Resources**

Defendants JK Value and Educon Resources are named in this action, but the complaint contains no allegations of wrongdoing on their part. In his response, Hubbard states that the two entities are de facto members of the LLC, thus connecting them to the relief he seeks. However, Count VIII, which contains the only reference to these two parties, states that the LLC has added no members since Hubbard, Ross, and Arns first formed it in 1999. It goes without saying that the statements made within the complaint control for the purposes of a 12(b)(6) challenge. See Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989). Hubbard has therefore not made any allegation that these two parties are potentially responsible for any legal injury he may have suffered, and we dismiss them from this action.

**Count VIII**

Count VIII finds its basis in §§ 35-1 and 35-60 of the LLC Act.[1] Section 35-60 requires a dissociating member to afford an LLC 30 days to offer to purchase the interest of the dissociating member to avoid judicial intervention and possible complete dissolution of the LLC. 805 ILCS § 180/35-60(b). If such a purchase offer is made, the offer must ripen into agreement within 120 days. 805 ILCS § 180/35-60(d). If it does not, the member has an additional 120 days to commence a proceeding to enforce the purchase under terms set by a court. 805 ILCS § 180/35-60(d), (e). Section 35-1 provides that an LLC must be dissolved and its business wound up if the LLC fails to comply with the methods specified in § 35-60 for purchase of a dissociating member's interest.

According to the LLC, Hubbard did not allow the 240 days given in § 35-60(d) to expire before he filed the complaint in this case and that his claim therefore cannot go forward. However, a dissociating member must follow the procedures and time limits imposed by § 35-60(d) only if the LLC offers to purchase his or her interest within 30 days after the date of dissociation. 805 ILCS § 180/35-60(b). If the LLC does not make such a purchase offer within 30 days, the dissociating member may seek dissolution under § 35-1 without further delay. In this case, both parties agree that a purchase offer was never made, and the 30-day period for such an offer has elapsed.

---

[1] The parties have cited no case law construing these provisions, and our research has revealed none.

-5-

Hubbard has therefore satisfied the only applicable condition precedent to his claim for relief under § 35-1, and Count VIII accordingly survives the LLC's 12(b)(6) challenge.

**Count XII**

The LLC also challenges the sufficiency of Count XII, which pertains to the validity and enforceability of the Buyout Agreement. They contend that a declaratory judgment, Hubbard's chosen form of relief, is inappropriate to his claim and that we should therefore exercise our discretion not to entertain it. See North Shore Gas Co. v. Salomon, Inc., 152 F.3d 642, 647 (7th Cir. 1998). In addition, they note that Count II also addresses the Buyout Agreement by seeking its rescission; they conclude that Count XII is superfluous if Hubbard gains the relief that he seeks under Count II. The latter argument is misplaced at this stage; although Count II is undeniably related to Count VIII, that interrelationship alone is not enough to justify dismissal under 12(b)(6). We therefore focus our attention solely on the former contention.

The Seventh Circuit has enumerated a five-factor test for determining whether declaratory relief is appropriate to a particular case. Nucor Corp. v. Aceros y Maquilas de Occidente, 28 F.3d 572, 579 (7th Cir. 1994). The relevant considerations are whether a declaratory judgment would settle the controversy underlying the claim; whether it would help clarify the legal relations at issue in the case; whether the remedy is simply a procedural tactic or a staging ground for later assertions of *res judicata*; whether the action would cause an improper, unnecessary conflict with a state court, and whether a better or more effective alternative exists. Id.

In this case, the first two factors set out in Nucor are clearly satisfied. Even though the relief sought in Count XII would not settle the entire controversy between the parties, the requested relief, if granted, would settle any controversy with respect to the buyout agreement and would crystallize the legal relations between the parties in regard to the legal rights or obligations arising out of the agreement, or corresponding lack thereof. The third and fourth factors are inapplicable. The LLC has made no argument regarding a race to the courthouse, and because this count arises in a multicount complaint surrounded by independent causes of action, there is no indication that Hubbard is using this count as an improper procedural maneuver. Finally, we do not think another method of relief would be more effective to resolving this aspect of the dispute, nor has the LLC suggested any. We conclude that declaratory relief is available in this case, and deny the motion to dismiss Count XII.

## CONCLUSION

For the foregoing reasons, we dismiss JK Value and Educon as parties but deny the motions to dismiss Counts VIII and XII.

_____
Charles P. Kocoras
United States District Judge

Dated: _____March 28, 2002_____